O’Neall, J.,
delivered the opinion of the Court.
The identity of the complainant as the sister, and legatee of the testator, and her right, consequently, to one-third of his estate, is es *488 tablished we think to a reasonable certainty; but whether she is, or is not, the survivor of the other two sisters, and legatees, is altogether without proof. It may be conceded, that the defendant, the executor, soon a®er ^113 testator’s death, supposed her to be the only surviving sister, and addressed her as such; but still it would be unreasonable to conclude, that he knew the state of the testator’s family better than the testator did himself. When he made his will, he was uncertain whether his sisters were alive, or dead; and under these circumstances it cannot be inferred, that the defendant knew more than the testator. In asserting a claim of this kind, the complainant ought to furnish, at least, some proof of the death of the other legatees.
Cross, for the motion.
Petigru, contra.
In relation to the claim to be excused from the payment of interest, on so much of the funds as would have been necessary to pay Flotard’s claim, if it had appeared, thaf the executor had supposed the claim to be valid, or if any steps had been taken to enforce it, as by a suit, there would have been great force in this objection; but it does not appear, that the claim ever was put in suit, or that the executor believing it to be just kept funds in hand to pay it. He cannot therefore be excused from the payment of interest on that sum.
It is ordered, and decreed, that the Chancellor’s decree be so modified, that the defendant do pay to the complainant one third part of the sum reported by the master, with the interest thereon; and that he do pay the residue into Court to await its further order, upon any shewing to be made by the complainant, that she is the surviving legatee under the testator’s will. In all other respects the Chancellor’s decree is affirmed.
Johnson, J., and Harper, J., concurred.

Decree modified.